IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUBEN ANTONIO GARCIA-HERRERA,            3:11-CV-00055-BR

      Plaintiff,                         OPINION AND ORDER

v.

CITY OF SALEM, et al.,

      Defendants.


**STEVEN M. McCARTHY**
McCarthy Law Offices
1265 Highway 51
Independence, OR 97351
(503) 763-1888

      Attorney for Plaintiff

**KENNETH S. MONTOYA**
City of Salem
555 Liberty Street SE
Room 205
Salem, OR 97301
(503) 588-6003

      Attorney for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

The Motion (#52) for Partial Summary Judgment of Defendants City of Salem and Salem Police Department; Jerry Moore (Salem Chief of Police); and Officers R. Ramirez, John E. Diaz, Angus Scott Emmons, and Larrey Owens came on for hearing on May 7, 2013, at 1:30 p.m.  Defendants appeared through their counsel, Kenneth S. Montoya, but Plaintiff's counsel, Steven M. McCarthy, did not appear.

The Court and counsel waited 35 minutes and made several unsuccessful efforts to reach Plaintiff's counsel.  The Court noted on the record that this hearing had been set on January 10, 2013, in a telephone conference in which Plaintiff's counsel personally participated, and there had not been any motion or other request from Plaintiff's counsel to be excused or to reset the hearing.[1]  Because this Motion has been pending for a very long time (due, in part, to party-requested extensions of time and difficulties between counsel concerning a joint filing of a Statement of Agreed Facts) and because Plaintiff's position on the Motion was well-documented and there was actual notice of the hearing to Plaintiff's counsel more than eight weeks ago, the

---

[1] On March 8, 2013, the Court received a letter from Mr. McCarthy, Plaintiff's counsel, reporting that he missed the hearing because "it was not on my calendar," apologizing for his failure to appear, and expressing his hope that "the Court will not vest any consequences upon my client" as a result of counsel's failure.

2 - OPINION AND ORDER

Court exercised its case-management discretion to proceed with argument in counsel's absence with a full stenographic record made of the hearing.  If, after considering the Court's disposition of Defendant's Motion as stated in this Order and after reviewing the stenographic record of the argument, Plaintiff's counsel believes there is a substantial basis for the Court to reconsider this Order, counsel has leave to move for such reconsideration.

For the reasons stated on the record and summarized herein, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Partial Summary Judgment as follows:

1.   Defendants' counsel withdrew Defendants' Motion against Plaintiff's Second Claim for Relief (Due Process) and against Plaintiff's Eleventh Claim for Relief (State Law - Medical Malpractice and Negligence), and, therefore, the Court **DENIES as moot** Defendants' Motion as to those two claims.

2.   With respect to the Motion on behalf of Defendant Ramirez, the Court notes there has not been any evidence offered in opposition to the Ramirez Declaration (Exhibit 1 in #66) that Ramirez arrived on scene after the use of force by other individual Defendants and then acted as an on-scene supervisor.  Because any acts of excessive force were, therefore, already complete before Ramirez's arrival, there is not any factual basis for a Section 1983 claim to proceed against him for failure to prevent such uses of force by others.  In addition, to the extent that Plaintiff

3 - OPINION AND ORDER

seeks to proceed against Defendant Ramirez as an official policy-maker who allegedly ratified the unlawful conduct of other Defendants, the Court agrees with Defendants that there is not any factual basis from which a rational juror could conclude Ramirez is such a policy-maker for purposes of *Monell* liability.  Finally, if Plaintiff wishes to pursue a state-law claim for negligence or another common-law tort based on the conduct of Defendant Ramirez, the Oregon Tort Claims Act, Or. Rev. Stat. § 30.260, *et seq.*, requires such a claim to be brought against a public body, which in this case would be the City of Salem and, as noted, which already is a defendant.

Accordingly, the Court **GRANTS** Defendant's Motion as to Defendant Ramirez and **DISMISSES** Plaintiff's claims against him **with prejudice**.

3.   With respect to Defendant City of Salem's Motions against the *Monell* claims, Defendant's counsel conceded these Motions were based on the fact that the use of tasers in this case occurred before the Ninth Circuit's decision *in Bryan v. MacPherson* in which the court first articulated the standard by which to evaluate whether taser use is unconstitutional.  *See* 630 F.3d 805 (9th Cir. 2010).  Although individual defendants may assert qualified immunity as a defense from a lawsuit when the applicable constitutional standard is not clearly established at the relevant time, qualified immunity does not apply to a public-

4 - OPINION AND ORDER

body defendant. *Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles,* 648 F.3d 986 (9th Cir. 2011). Accordingly, the Court **DENIES** this part of Defendants' Motion.

    4.    With respect to Defendants' argument that Plaintiff's addition of Defendant Jerry Moore as an individual defendant is barred by the statute of limitations, the Court agrees, **GRANTS** Defendant's Motion to this extent, and **DISMISSES** Plaintiff's claims against Defendant Moore in his individual capacity as time-barred. To the extent that Plaintiff intended to proceed under Section 1983 against Moore in his official capacity, that is the equivalent of bringing the claim(s) against the City of Salem itself and Plaintiff is already pursuing the City for such claim(s).

    5.    To the extent that Plaintiff seeks to pursue a private-right action against any Defendant under the Oregon Constitution, the Court agrees with Defendants that there is not any Oregon authority authorizing such a claim.

Accordingly, the Court **GRANTS** Defendants' Motion as against Plaintiff's state constitutional claim.

## FURTHER PROCEEDINGS

The Court directs counsel to confer and to file **no later than March 22, 2013,** a jointly proposed schedule for the following final pretrial and trial proceedings and for proposed

5 - OPINION AND ORDER

deadlines for related submissions as described:

1.  A jointly proposed deadline for the parties' jointly proposed pretrial order and verdict form;

2.  A deadline approximately four weeks later for all pretrial documents (joint witness list, joint exhibit list, trial memoranda, motions in limine, jointly proposed jury instructions as to the elements of Plaintiff's remaining claims, and a joint list of *voir dire* topics);

3.  A deadline approximately three weeks later for the final Pretrial Conference; and

4.  A date approximately one week after the final Pretrial Conference for the Jury Trial to resolve all remaining claims and defenses.

The Court will schedule a Rule 16 Conference to set a final case-management schedule after receiving the parties' March 22, 2013, submission.

IT IS SO ORDERED.

DATED this 11th day of March, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER