IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON


**REUBEN ANTONIO GARCIA-HERRERA,**                3:11-cv-00055-BR

      **Plaintiff,**                              ORDER

v.

**CITY OF SALEM, et al.,**

      **Defendants.**

**BROWN, Judge.**

    In its Order (#95) issued February 5, 2014, the Court set a hearing to occur February 12, 2014, at 2:00 p.m., on Defendants' Motion (#92) to Dismiss for failure "to prosecute this action and by repeatedly ignoring Court Orders."  The Court ordered personal appearances by Plaintiff, Plaintiff's counsel, and Defendants' counsel.

    On February 11, 2014, shortly after 2:00 p.m., Plaintiff's counsel and Plaintiff appeared a day early for that hearing. Because Defendants' counsel was available by telephone, the Court convened a hearing on the record to address, among other things,

1 - ORDER

a recent Declaration (#96) filed by Plaintiff's counsel in opposition to Defendants' Motion in which counsel states it is "nearly impossible for me to proceed in representing my client in this case."

As explained on the record, the Court construed the Declaration as, among other things, a Motion by Plaintiff's counsel to withdraw from the matter.  Upon confirmation with Plaintiff's counsel that withdrawal was his intent and upon explanation to Plaintiff that the Court concluded a potential conflict of interest had arisen between Plaintiff and his counsel arising from the appearance that counsel had failed to prosecute the case, the Court concluded withdrawal would be appropriate only if conflict-free counsel could be identified to file an opposition to the merits of Defendants' Motion to Dismiss on Plaintiff's behalf.

The Court contacted the Professional Liability Fund (PLF), which provides liability insurance to Oregon lawyers who are covered parties, to determine whether it would engage counsel to represent Plaintiff for the limited purpose of defending against Defendants' Motion to Dismiss.  Upon learning such "repair" counsel would be engaged by the PLF for this limited purpose, the Court conditionally approved the withdrawal of Plaintiff's counsel, Steven M. McCarthy, as counsel for Plaintiff.  The Court also obtained Plaintiff's consent to this limited substitution of

counsel.

After the hearing, the Court was contacted by Attorney Kathryn M. Pratt, retained by the PLF, who agreed to limited representation of Plaintiff for the purpose of defending against the Motion to Dismiss.

Based on the foregoing and for the reasons stated on the record, the Court makes the following Order:

1.   Steven M. McCarthy is hereby relieved as attorney for Plaintiff on the condition that PLF repair counsel, Kathryn M. Pratt, files a Notice of Appearance, files a response to the Motion to Dismiss, and appears on Plaintiff's behalf at a hearing on the Motion to Dismiss.  Ms. Pratt's appearance will be limited to defending against the Motion to Dismiss.  After that Motion is decided, Ms. Pratt has leave to seek to withdraw from Plaintiff's representation.

2.   Plaintiff's opposition to the Motion (#92) to Dismiss is due **no later than February 21, 2014**, subject to any necessary request for extension of time; Defendants' Reply in further support of the Motion is due **no later than March 3, 2014,** and the Court will hear oral argument on the Motion at a time to be set by the Clerk after conferral with counsel.  Plaintiff shall personally attend the hearing on this Motion.

3.   The Clerk shall provide Ms. Pratt with contact information for Plaintiff and for Mr. McCarthy.  The Clerk shall

3 - ORDER

mail and email a copy of this Order to Plaintiff together with contact information for Ms. Pratt. The Clerk also shall email a copy of this Order to Mr. Alan Beck at the PLF, AlanB@osbplf.org.

    4. As noted, after the Court rules on the Motion to Dismiss, Ms. Pratt may move for withdrawal. Regardless of the disposition of the Motion to Dismiss, it is unfortunately unavoidable that the Court must now strike the trial date currently set for February 24, 2014, and all other pretrial case-management dates. If the Court grants the Motion to Dismiss, Plaintiff will have a right to appeal any dismissal order and any other rulings he wishes to challenge, but Plaintiff will be personally responsible to find his own counsel to represent him for any appeal. If the Court denies the Motion to Dismiss, Plaintiff must be prepared to have new counsel ready to represent him, and, if that occurs, the Court will consider what scheduling orders to make in order to try this case at the earliest possible date. As noted on the record, the Court encourages Plaintiff to seek to find new counsel now to represent him as soon as the Motion to Dismiss is decided.

    IT IS SO ORDERED.

    DATED this 12th day of February.

                                  /s/ Anna J. Brown

                                _____
                                ANNA J. BROWN
                                United States District Judge

4 - ORDER