IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUBEN ANTONIO GARCIA-HERRERA,     3:11-CV-00055-BR

      Plaintiff,                OPINION AND ORDER

v.

CITY OF SALEM, et al.,

      Defendants.

**KATHRYN M. PRATT**
Law Office of Kathryn M. Pratt
18292 SW Santoro Drive
Beaverton, OR 97007
(503) 439-1506

      Attorney for Plaintiff
      Appearing Specially

**KENNETH S. MONTOYA**
City of Salem
555 Liberty Street SE
Room 205
Salem, OR 97301
(503) 588-6003

      Attorney for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#92) to Dismiss for Lack of Prosecution. After hearing oral argument at length on Defendants' Motion on March 20, 2014, the Court took the matter under advisement.

For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** this matter **with prejudice.**

## BACKGROUND

The lengthy procedural background of this case was discussed in detail on the record at oral argument on March 20, 2014, and is, accordingly, summarized here only briefly as needed.

On January 14, 2011, Plaintiff filed this action against Defendants asserting various claims arising out of Plaintiff's arrest and detention in January 2009. Plaintiff was represented by attorney Steven M. McCarthy from before the Complaint was filed on January 14, 2011, until the Court permitted Mr. McCarthy's withdrawal on February 12, 2014.[1]

After a Rule 16 Conference with counsel on June 17, 2011, the Court issued Scheduling Order (#9) setting this matter for trial on May 8, 2012. As reviewed on the record at the March 20, 2014, oral argument, the Court reset the case-management

---

[1] Attorney Kathryn M. Pratt is appearing specially to represent Plaintiff only for purposes of this Motion.

2 - OPINION AND ORDER

deadlines and trial date numerous times over the next two-and-a-half years.  Ultimately, on January 10, 2014, the Court set a final trial date of February 24, 2014, but as is obvious to the parties and counsel, the case did not proceed to trial on that date because Plaintiff's counsel withdrew only 12 days earlier.

The Court also recounted at oral argument how it had worked with the parties over the course of this case to address a number of issues, including the sufficiency of process on certain named Defendants; the sufficiency of Plaintiff's Complaint; amendments to the Complaint; and discovery disputes.  As explained in detail at oral argument, Defendants and the Court repeatedly and unsuccessfully attempted to engage Plaintiff's former attorney, Mr. McCarthy, in a meaningful way to move this case forward.  For example, there were times when Mr. McCarthy failed to appear for conferences or hearings and failed to return telephone calls and emails from counsel and court staff.  Most troubling was Mr. McCarthy's repeated failures to participate in preparing joint submissions to the Court, first for dispositive-motion practice and later, most critically, for the submission of a Pretrial Order for the trial of this matter.  Moreover, in late 2012 Mr. McCarthy represented to the Court that he had lost contact with Plaintiff and was not sure whether Plaintiff wanted to continue to prosecute this case, but in Plaintiff's Declaration (#102) filed in opposition to this Motion, Plaintiff asserts he

3 - OPINION AND ORDER

responded to all of Mr. McCarthy's messages, never intended to abandon this case, and did not have any idea that the Court and defense counsel were having difficulties with his counsel.  In the end, and notwithstanding numerous efforts by the Court and Defendants to move Mr. McCarthy forward, the case was no closer to trial readiness on the date that Mr. McCarthy withdrew for personal reasons than it had been months earlier due to his inaction.  Thus, the trial date for a case more than three years old was again stricken and Defendants' current Motion followed.

## STANDARDS

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a case upon the motion of a defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."  Such a dismissal "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

When deciding a motion to dismiss for failure to prosecute, a district court is required to weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994).  The court has wide discretion when

4 - OPINION AND ORDER

deciding whether to grant a motion for lack of prosecution. *Id*. *See also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

For the reasons that follow, the Court concludes all of these factors weigh in favor of dismissal, and, in the exercise of its case-management discretion, the Court also concludes this matter should be dismissed for the primary failure of Plaintiff's former counsel to prosecute this matter to resolution.[2]

## DISCUSSION

### I.  Factors 1 & 2:  The Interests of the Public and the Court

The public's interest in expeditious resolution of litigation weighs in favor of dismissal under the circumstances of this case.

Although Plaintiff argues only approximately three months of delay are attributable to the conduct of his former counsel, the Court disagrees.  As noted on the record during argument, "three months" significantly underestimates the amount of delay caused

---

[2] The Court notes Defendants also criticize Plaintiff personally for failing to take steps himself to ensure his counsel was moving this matter forward.  The Court concludes it need not resolve any relative responsibility between Plaintiff and his former counsel for failure to prosecute.  It is sufficient for purposes of this Motion that the matter was not prosecuted adequately by either of them.  Although Plaintiff may have failed in his responsibilities to be aware of case-management issues in this matter, it is ultimately his counsel to whom the Court looks to be responsive to Court orders and other directives.

5 - OPINION AND ORDER

by Plaintiff's former counsel.  In fact, as noted herein and at oral argument, case-management difficulties attributable to Plaintiff's former counsel have been the prevailing rule in this matter for more than the last 18 months.  As a result, the case is now more than three years old, and there has not been any meaningful forward progress toward trial in the last several months due to multiple issues with Plaintiff's former counsel.

The Court concludes the public's interest in the reasonably timely resolution of this matter has been negatively affected, especially considering all of the time and resources the Court and other counsel invested with virtually no return over these past 18 months.  Moreover, the public also has a legitimate interest in seeing that public costs associated with the time and resources of public-employee defendants are managed to avoid waste.  Here, despite the Court's ongoing and repeated efforts to move this matter to resolution on the merits, the conduct of Plaintiff's counsel has interfered with the Court's efforts to respect the public's interests in getting this case to trial within three years.

Finally, these important interests are not mitigated even if Plaintiff now engages new counsel to try this case.  It is quite clear that new counsel would need time to do the work that Plaintiff's former counsel did not do (*e.g.*, to depose the defendant police officers and to work with opposing counsel to

6 - OPINION AND ORDER

present the remaining trial issues in a Pretrial Order).  As a result, another months-long continuance would be needed for Plaintiff's new counsel to be ready for trial.

Thus, the Court concludes on this record that consideration of the public's interests and the reasonable management of the resources and the expenditures of the other parties and the Court all weigh in favor of dismissal.

**II.  Factor 3:  Prejudice to Defendants**

As noted on the record during oral argument, the Court finds the conduct of Plaintiff's former counsel thwarted the repeated efforts of Defendants' counsel to comply with court-set deadlines for filing the required Joint Statement of Agreed Facts to facilitate dispositive-motion practice and ultimately for filing the Pretrial Order, the most basic pleading required to take this matter to trial.  Without the cooperation of Plaintiff's former counsel, Defendants' counsel was only able to frame one-half of the trial issues in a timely way.  As noted, the persistent lack of a jointly-proposed Pretrial Order was the basis for the Court to strike what was supposed to be the final trial date.  Thus, Defendants have been squarely prejudiced by the lack of a trial on the merits in a timely fashion, and that prejudice is directly tied to the failures of Plaintiff's former counsel.

Thus, because the Court concludes on this record that the failures of Plaintiff's former counsel have caused prejudice to

7 - OPINION AND ORDER

Defendants as a result of the passage of time without any significant progress toward a trial on the merits, the Court concludes this factor also weighs in favor of dismissal.

**III. Factor 4:  Policy Favoring Disposition of Cases on the Merits**

The Court notes even if it grants Defendants' Motion, Plaintiff can still obtain a trial on the merits of his excessive-force and other claims in the context of a legal-malpractice action against his former attorney.  During such an action, the merits of Plaintiff's claims against the current Defendants would be part of the "case within a case" methodology under Oregon law.  *See Watson v. Meltzer*, 247 Or. App. 558 (2011).  As a practical matter, it should not take much longer for Plaintiff with new counsel to bring a legal malpractice case to trial than it would take for Plaintiff's new counsel to be adequately prepared to bring the existing case to trial.

Thus, the Court concludes on this record that the policy favoring disposition of cases on the merits does not weigh against dismissal, and in these unusual circumstances the policy points to dismissal so that Plaintiff's former attorney can be held accountable if his failures truly caused Plaintiff to lose the right to recover the compensatory damages that he was seeking from Defendants in this matter.

**IV. Factor 5:  Lesser Sanctions**

The Court is mindful that dismissal is drastic and that it

8 - OPINION AND ORDER

should consider taking lesser steps to vindicate the interests described herein.  Indeed, Plaintiff argues dismissal of this matter is too severe and the Court should instead consider less drastic sanctions.  As noted above and on the record during the oral argument, however, the Court repeatedly employed various tactics over the past 18 months to try to enlist the cooperation and performance of Plaintiff's former counsel, but all of those "lesser" efforts were to no avail.

In light of the fact that the Court has already engaged in a variety of steps that are the equivalent of lesser sanctions, the Court concludes on this record that dismissal is the appropriate action at this stage in the litigation.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#92) of Defendants to Dismiss for Lack of Prosecution and **DISMISSES** this matter **with prejudice**.

## NOTICE TO PLAINTIFF

Pursuant to Federal Rule of Appellate Procedure 3(a) and 4(a)(1), Plaintiff has 30 days from the date of entry of judgment dismissing this matter file a Notice of Appeal in order to appeal any of this Court's decisions in this matter to the United States Court of Appeals for the Ninth Circuit.

9 - OPINION AND ORDER

Pursuant to Oregon Revised Statutes §§ 12.010 and 12.110(1), the Court concludes Plaintiff has two years from the date of entry of judgment dismissing this matter to bring a legal malpractice claim against his former lawyer in an Oregon Circuit Court in order to litigate the merits of his "excessive force" case within a malpractice case.

Plaintiff should take notice that his opportunity to bring a malpractice action against his former lawyer may be time-barred if he does not file such an action within two years of the dismissal of this matter.

## NOTICE TO OREGON STATE BAR DISCIPLINARY COUNSEL

The Court will forward a copy of this Opinion and Order and the Judgment dismissing this matter to the Oregon State Bar Disciplinary Counsel as notice of the issues set out herein with respect to Plaintiff's former counsel.

IT IS SO ORDERED.

DATED this 31st day of March, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge